UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ALBERTO GUERRERO AGUILAR (A-Number: 246-544-952),<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER CHESTNUT,<br><br>Respondent. | No. 1:26-cv-07073-KES-FJS (HC)<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND REQUIRING BOND HEARING WITHIN TEN (10) DAYS<br><br>Doc. |

Petitioner Michael Alberto Guerrero Aguilar is an immigration detainee proceeding with a petition for writ of habeas corpus and a motion for temporary restraining order. Docs. 1, 4. The Court has previously addressed the legal issues raised by claim one of the petition—that the Due Process Clause requires a bond hearing when a noncitizen has been previously released pursuant to 8 U.S.C. § 1226(a) and is subsequently re-detained pending removal proceedings. *See, e.g., R.A.N.O. v. Wofford*, 820 F. Supp. 3d 1094 (E.D. Cal. 2026); *Omer G. G. v. Kaiser*, 815 F. Supp. 3d 1098 (E.D. Cal. 2025); *Ramazan M. v. Andrews*, No. 1:25-CV-01356-KES-SKO (HC), 2025 WL 3145562 (E.D. Cal. Nov. 10, 2025). Respondents concede that petitioner is currently being detained pursuant to 8 U.S.C. § 1226(a). Doc. 9 at 1.

The Court set a briefing schedule on the petition and ordered respondents to show cause as to whether there are any factual or legal issues in this case that distinguish it from the Court's

prior orders and that would justify denying the petition. Doc. 8. Respondents state that "[t]his case is narrower than prior orders: it is undisputed that § 1226(a) governs and that an IJ found Guerrero Aguilar to be a flight risk after a custody redetermination." Doc. 9 at 1.

Respondents argue that petitioner's request should be denied because petitioner has already received a bond hearing pursuant to 8 U.S.C. § 1226(a).[1] *Id.* at 2. But when a noncitizen has previously been released following a determination that he is not a flight risk or danger to the community, and then is subsequently re-detained pending removal proceedings, due process requires a bond hearing at which the government bears the burden of proving that the noncitizen is a flight risk or danger to the community by clear and convincing evidence. *See, e.g., R.A.N.O.*, 820 F. Supp. 3d at 1105 ("The Court agrees with the decisions of other courts in this circuit finding that, in this context, the burden is more appropriately placed on the government."); *Omer G. G.*, 815 F. Supp. 3d at 1111 (same); *Ramazan M.*, No. 1:25-CV-01356-KES-SKO (HC), 2025 WL 3145562, at *8 (same).

Respondents further claim that petitioner should be required to prudentially exhaust his administrative remedies by seeking review of this ruling at the Board of Immigration Appeals ("BIA"). *Id.* But a court may waive the prudential exhaustion requirement if "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004). Here, requiring petitioner to seek administrative review of the immigration judge's ruling would be futile because the immigration judge did not place the burden on the government.

As respondents have not made any new legal arguments in this case that would distinguish it from the Court's prior decisions in *R.A.N.O. v. Wofford*, 820 F. Supp. 3d 1094 (E.D. Cal. 2026), *Omer G. G. v. Kaiser*, 815 F. Supp. 3d 1098 (E.D. Cal. 2025), and *Ramazan M. v. Andrews*, No. 1:25-CV-01356-KES-SKO (HC), 2025 WL 3145562 (E.D. Cal. Nov. 10, 2025), the petition for

[1] Petitioner received "a custody redetermination pursuant to 8 C.F.R. § 1236." Doc. 9-4 at 1. This section places the burden on the petitioner to "demonstrate, by clear and convincing evidence, that release would not pose a danger to the safety of other persons or of property" and "that the alien is likely to appear for any scheduled proceeding." 8 C.F.R. § 1236.1(c)(3).

writ of habeas corpus is GRANTED as to claim one, for the reasons addressed in those prior orders.[2]

Respondents are ORDERED to provide petitioner Michael Alberto Guerrero Aguilar with a bond hearing before a neutral decisionmaker within ten (10) days of the date of this Order. Respondents shall immediately provide petitioner with a copy of this Order and shall provide him with 48 hours' written notice before the bond hearing. At that bond hearing, it is respondents' burden to demonstrate that petitioner is a flight risk or danger to the community by clear and convincing evidence. If respondents do not provide petitioner with a bond hearing within ten days, then respondents must release him.[3]

The Clerk of Court is directed to close this case and enter judgment for petitioner. The Clerk is directed to serve California City Detention Center with a copy of this Order.

IT IS SO ORDERED.

Dated: September 16, 2026

UNITED STATES DISTRICT JUDGE

[2] The Court need not address petitioner's other claims as petitioner is entitled to the relief he seeks based on the Court's ruling on claim one.

[3] This Order does not address the circumstances in which respondents may detain petitioner in the event he becomes subject to an executable final order of removal.